[No. 12842. Department One. June 16, 1916.]

A. J. COLE, *Appellant*, v. W. A. CARRUTHERS, *Respondent*.[1]

BROKERS — COMMISSIONS — ABANDONMENT OF EMPLOYMENT. A broker is not entitled to a commission on a sale of property to a customer first introduced by him, where the sale was not effected until after the employment had been abandoned by the broker.

BROKERS—COMMISSIONS—ABANDONMENT OF CONTRACT. A broker is not entitled to a commission on a sale of property, where after his abandonment of the employment, a person whom he had introduced to the vendor as a customer negotiated a sale to a third person, who gave the negotiator an option to purchase a certain interest in the property.

Appeal from a judgment of the superior court for Pacific county, Edward H. Wright, J., entered June 22, 1914, upon findings in favor of the defendant, in an action for a broker's commission, tried to the court. Affirmed.

[1]Reported in 158 Pac. 75.

*Hewen & Murray,* for appellant.

*Welsh & Welsh* and *M. M. Richardson,* for respondent.

FULLERTON, J.—This is an action brought by A. J. Cole against W. A. Carruthers to recover upon a claim for a broker's commission. The trial, which was had by the court sitting without a jury, resulted in a judgment in favor of Carruthers. From this judgment, Cole appeals.

In the year 1911, and for some years prior thereto, a corporation organized under the name of Carruthers & Heuston, Incorporated, was engaged in the business of growing and marketing oysters, and owned and controlled in connection with its business extensive oyster beds in Willapa Bay, together with personal property of considerable value. Of the capital stock of the corporation, Carruthers owned and controlled one-half; the other half being owned by May N. Heuston and F. Z. Heuston. Carruthers was president of the corporation, and F. Z. Heuston secretary. The corporation was desirous of selling its properties. In October, 1911, the parties listed the property with the appellant, Cole, for sale, he being at that time a real estate broker engaged in business in the city of Seattle. Later on, namely, on December 23, 1911, Carruthers gave to Cole a written agreement to pay him a commission in case of a sale of the property, the agreement being in the following language:

"South Bend, Washington, Dec. 23, 1911.
"To A. J. Cole,
        Seattle, Washington:
"In consideration of the services to be performed by you in endeavoring to effect a sale of the oyster business known as Carruthers & Heuston, Incorporated, I hereby agree to pay you a commission of $2,000 for effecting such sale, and in the event of sale being effected of the one-half interest thereof owned by me, I agree to pay you a commission of $1,000.
"Should you apprise me of the identity of your client or prospective purchaser, or send him to me, I agree to assist

in every possible way to effect a sale of said property, and in the event of a sale being consummated with him through you, or by me independent of you, I agree to pay you the commission above named the same as though the sale was made entirely by you.          W. A. Carruthers."

After listing the property, Cole called it to the attention of one H. Rowland, who, with Cole, undertook to find a purchaser for the property. It is Cole's contention that Rowland first represented to him that he had ample means of his own by which to make the purchase, but afterwards informed him that these funds were not immediately available and that he would have to enlist his friends in the enterprise. Later on, Rowland went to California with the object of finding a purchaser, but met with no success. The parties together then undertook to sell it to investors in Seattle and elsewhere, pursuing the purpose with some energy for a number of months without success. They then jointly took an option on the property to purchase it themselves for $60,000, but this also fell through because of the inability of the purchasers to make a sufficient cash payment to satisfy the owners of the property. At this place in the negotiations, according to Rowland and the officers of the corporation, Cole abandoned the project, saying that he was through and would not expend further time upon it. This was some time in the latter part of March, 1912.

Later on, in July, 1912, Rowland and one C. Branch White organized a corporation called the Long Island Oyster Company, and later in the same month this corporation took over the property on terms satisfactory to the seller. Rowland advanced nothing towards the capital stock of the new corporation, but was given an option to purchase a certain number of shares at a future date. He was also made its manager, and as such has charge of the property purchased. White was not one of the persons with whom Cole attempted to deal. In fact Cole himself testified that he had

never met White, and it was testified by Rowland that he had interested White in the enterprise after Cole had abandoned his efforts to sell the property to an independent purchaser, or to purchase it in conjunction with Rowland.

It is Cole's contention that Rowland was his customer, introduced to the seller by him, and that, since the sale was made to Rowland and other parties whom Rowland interested in the enterprise, it is a sale to his customer, and he is entitled to recover under the terms of the written agreement. But we agree with the trial court that this claim is without foundation. Rowland, if he ever was Cole's customer, was not such at the time the sale was made. Cole had long since quit dealing with Rowland. He had long since given up his efforts to sell the property. The commission agreement was then at an end, and even if the property was subsequently sold to his former customer, the fact did not so far revive the agreement as to make the promisor liable thereunder.

The judgment is affirmed.

Morris, C. J., Chadwick, Mount, and Ellis, JJ., concur.